IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTHER COHN,

      Plaintiff,                    No. 2:10-cv-00865 MCE KJN PS

    v.

BANK OF AMERICA,

      Defendant.                ORDER TO SHOW CAUSE
_____/

        On August 31, 2010, defendant filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and noticed its motion for a hearing to take place on October 14, 2010. (Dkt. Nos. 15.) Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to defendant's motion at least fourteen days prior to the hearing date. Thus, plaintiff was required to file and serve her opposition to defendant's motion, or a statement of non-opposition, on or before September 30, 2010. See E. Dist. Local Rule 230(c).[1] The court's docket reveals that plaintiff,

---

[1] Eastern District Local Rule 230(c) provides:

    **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall

who is proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to defendant's motion to dismiss.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute her case, fails to comply with the court's orders, or fails to comply with the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including

---

serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

2

dismissal).

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on defendant's motion to dismiss plaintiff's complaint, which is presently set for October 14, 2010, is continued until November 4, 2010.

2. Plaintiff shall file a written opposition to defendant's motion to dismiss, or a statement of non-opposition thereto, on or before October 21, 2010. *Plaintiff's failure to file a written opposition shall be deemed a statement of non-opposition to the pending motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

3. Defendant may file a written reply to plaintiff's opposition, if any, on or before October 28, 2010.

IT IS SO ORDERED.

DATED: October 5, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3