IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTHER COHN,

    Plaintiff,               No. 2:10-cv-00865 MCE KJN PS

    v.

BANK OF AMERICA,

    Defendant.             FINDINGS AND RECOMMENDATIONS

/

        Presently before the court is defendant's motion to dismiss plaintiff's complaint. Plaintiff has filed no written opposition, statement of non-opposition, or other response to the pending motion despite being given multiple opportunities to do so and clear warnings from the court that failure to do so could lead to the involuntary dismissal of her lawsuit.[1]  For the reasons that follow, the undersigned will recommend that plaintiff's action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

I.    BACKGROUND

        On April 13, 2010, plaintiff filed her complaint, which, generally stated, relates to the foreclosure of her home. (Dkt. No. 1.)  On August, 31, 2010, defendant filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and noticed its

---

[1] Defendant's motion to dismiss was scheduled to be heard on November 4, 2010. However, in light of plaintiff's failure to file an opposition, the court vacated that hearing date. (Dkt. No. 22.)

motion for a hearing to take place on October 14, 2010.[2] (Dkt. Nos. 15.) Pursuant to this court's Local Rules, plaintiff, who is proceeding without counsel, was required to file and serve a written opposition or statement of non-opposition to defendant's motion at least fourteen days prior to the hearing date, or September 30, 2010. See E. Dist. Local Rule 230(c).[3] Plaintiff failed to file a written opposition or statement of non-opposition to defendant's motion to dismiss.

On October 5, 2010, and in response to plaintiff's failure to file a response to defendant's motion, the undersigned entered an order that: (1) continued the hearing on defendant's motion to dismiss until November 4, 2010; and (2) required plaintiff to file a written opposition or statement of non-opposition to defendant's motion to dismiss on or before October 21, 2010. (Dkt. No. 19.) That order states, in part:

> Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

---

[2]  The delay between the filing of plaintiff's complaint on April 13, 2010, and the filing of the pending motion to dismiss on August 31, 2010, is largely of plaintiff's making. Along with her complaint, plaintiff filed an application for leave to proceed in forma pauperis. (Dkt. No. 2.) Her application was incomplete and, thus, the court was unable to determine whether plaintiff qualified to proceed in forma pauperis. The court provided plaintiff with another opportunity to submit a complete application (Dkt. No. 3), but plaintiff failed to respond. Accordingly, the undersigned recommended the denial of plaintiff's application to proceed in forma pauperis. (Dkt. No. 4.) After plaintiff failed to file timely objections to the undersigned's recommendation, the district judge entered an order on July 16, 2010, denying plaintiff's application to proceed in forma pauperis. (Dkt. No. 10.) The court's docket reflects that plaintiff paid the filing fee on August 6, 2010.

[3]  Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute her case, fails to comply with the court's orders, or fails to comply with the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

(Dkt. No. 19 at 2-3 (emphasis in original).) The order further admonished plaintiff as follows:

> *Plaintiff's failure to file a written opposition shall be deemed a statement of non-opposition to the pending motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

(Id. at 3 (emphasis in original).) Thus, the court gave plaintiff a very clear warning that her case could be dismissed for failure to prosecute her action, to comply with the court's orders, and to comply with the court's Local Rules.

The court's docket reveals that plaintiff has again failed to file a written opposition or statement of non-opposition to defendant's motion to dismiss. Plaintiff failed to do so despite being given ample opportunity to do so and explicit warnings that the failure to file a written opposition or statement of non-opposition could result in the dismissal of her lawsuit.

Although plaintiff failed to file anything with the court in response to defendant's motion to dismiss and the court's October 5, 2010 order, she appears to have transmitted two

1 documents and a proof of service to defendant's counsel. On October 26, 2010, defendant filed a
2 reply brief and an accompanying declaration of counsel that alerted the court to the transmission
3 of the two documents by plaintiff to defendant's counsel. (See Pingel Decl. ¶ 3 & Ex. A, Dkt.
4 No. 20, Doc. Nos. 20-1, 20-2.) Again, plaintiff filed nothing with the court, and the court is only
5 aware of these documents because defendant brought them to the court's attention.

6         First, it appears that plaintiff served defendant's counsel by U.S. mail with a
7 document entitled "Answer to Proposed Order Granting Defendant's Motion to Dismiss
8 Plaintiff's Complaint" ("Answer"). (Pingel Decl., Ex. A at 1.) The Answer is dated October 8,
9 2010, and defendant's counsel received it on October 13, 2010. (Pingel Decl. ¶ 3.) This
10 document is one page long and in large part simply restates that plaintiff is seeking $700,000,
11 which is the alleged value of her foreclosed upon home. The Answer also "asks the court to
12 continue the case without any dismissal" because "the plaintiff is the only party that has the right
13 to ask for a dismissal." Again, plaintiff did not file this document with the court.

14         Second, it appears that plaintiff served defendant's counsel by U.S. mail with a
15 document entitled "Plaintiff's Request to Change Court Dates" ("Request"). (Pingel Decl., Ex. A
16 at 2.) This one-page request is dated October 8, 2010, and defendant's counsel received it on
17 October 13, 2010. (Pingel Decl. ¶ 3.) In the Request, plaintiff asks *the court* to "change the date
18 or cancel the dismissal hearing on October 14, 2010 is [*sic*] because the plaintiff will not be in
19 the United States" from October 10, 2010 through November 4, 2010. The Request asks that the
20 court either continue the hearing on defendant's already-continued motion to dismiss until the
21 "end of November or cancel the whole court dismissal taken place on October 14, 2010." Again,
22 plaintiff never filed this document with the court and never notified the court of her scheduled
23 international travel. This is so despite the fact that on *October 5, 2010*—five days before
24 plaintiff allegedly left on her world trip—the court continued the hearing on defendant's motion
25 to dismiss to November 4, 2010, and ordered plaintiff to file an opposition.
26 ////

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the court's local rules, and failure to comply with the court's orders. See, e.g., Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition); see also E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a drastic remedy, the five relevant factors

weigh in favor of dismissal of this action without prejudice. The first two factors strongly support dismissal of this action. Plaintiff's failure to file an opposition or statement of non-opposition to defendant's motion to dismiss in the first instance, and her failure to do so a second time, despite a clear warning of the consequences for such failures, strongly suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Moreover, although plaintiff had notice of the continued November 4, 2010 hearing date and her potentially final opportunity to file a response to defendant's motion on or before October 21, 2010, plaintiff apparently left for a nearly month-long international trip without advising the court of her travel plans. Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to defendant as a result of plaintiff's failure to timely oppose its motion to dismiss, should be given some weight. See Ferdik, 963 F.2d at 1262. A motion to dismiss is an aid to simplifying the issues and dismissing improper claims or parties before discovery ensues. Plaintiff's failure to oppose defendant's motion after being given two opportunities to do so, and her failure to communicate with the court or explain her non-participation in this litigation, raises the real possibility that defendant may be forced to unnecessarily engage in further litigation against claims that plaintiff does not appear to value enough to pursue in a serious manner. Indeed, defendant has been diligently pursuing its motion to dismiss, and plaintiff stalled this matter and prevented the efficient resolution of her lawsuit, which she filed in April 2010. Moreover, unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued less drastic remedies than that of a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."). The court excused plaintiff's initial failure to oppose defendant's motion, granted plaintiff substantial, additional time to file an opposition or statement of non-opposition, and continued the hearing on defendant's motion to dismiss. Moreover, the court advised plaintiff of the requirement of opposing a motion to dismiss and informed her of the requirements of the Local Rules. Furthermore, the court advised plaintiff that she was required to comply with the court's Local Rules and the Federal Rules of Civil Procedure even though she is proceeding without counsel. It also warned plaintiff in clear terms that failure to comply with the court's orders could result in a recommendation of dismissal. Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives. See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33). At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action. This finding is supported by the fact that plaintiff's complaint, which alleges that plaintiff has encountered financial difficulties leading to the foreclosure of her home (see generally Compl.), suggests that plaintiff would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation for dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is

proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted). Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits. See Ferdik, 963 F.2d at 1263.

The Answer and Request that plaintiff mailed to defendant's counsel gives the undersigned some pause in that plaintiff appears to have desired a continuance of the hearing on defendant's motion to dismiss. However, this mailing—which plaintiff did not file with the court—does not dissuade the undersigned from recommending dismissal without prejudice. First, plaintiff never filed the Answer or Request with the court and, therefore, no request for a continuance is actually before the court. Second, these documents confirm that plaintiff was still in the country when the October 5, 2010 order was entered. Thus, plaintiff had notice of the continued hearing date and the need to file a written opposition or statement of non-opposition to defendant's motion to dismiss before leaving for her international trip. Nevertheless, plaintiff chose to file nothing with the court or to even alert the court to her alleged travel plans.

The court has spent numerous hours trying to shepherd plaintiff through the litigation process while still respecting defendant's right to move this litigation along in a relatively efficient manner. It appears to the court that plaintiff has chosen not to assist the court in reaching this balance. Accordingly, the undersigned will recommend that plaintiff's case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

III.     CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.     This action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

2.     The Clerk of Court be directed to close this case and vacate all future dates in this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: November 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE