IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTHER COHN,

     Plaintiff,                        No. 2:10-cv-00865 MCE KJN PS

     v.

BANK OF AMERICA,

     Defendant.                     <u>ORDER</u>

_____/

        On August 31, 2010, defendant filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the ensuing months, plaintiff demonstrated an inability to respond to the pending motion to dismiss despite clear warnings about the consequences of such a failure, including possible dismissal of her case.  In short, plaintiff demonstrated to the court that she had chosen not to actively prosecute her lawsuit or comply with the court's orders, the Federal Rules of Civil Procedure, and the court's Local Rules.

        As a result, on November 4, 2010, the undersigned entered findings and recommendations that recommended the dismissal of plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute her case and for failure to comply with the court's orders, the Federal Rules of Civil Procedure, and the court's Local Rules.  (Dkt. No. 23.)  A

1

detailed procedural history in included in those findings and recommendations.

On November 15, 2010, plaintiff filed timely objections to the findings and recommendations. (Dkt. No. 24.) Plaintiff contends that, contrary to the recitation of facts in the findings and recommendations, plaintiff has filed documents with the court in response to the court's orders. She also contends that she attempted to appear at "the courthouse" on October 5, 2010, apparently believing that defendant's motion would be heard on that date. This appearance was despite the fact that no hearing was ever noticed by defendant for October 5, 2010, or otherwise set by the court for that date.

On November 22, 2010, defendant filed a response to plaintiff's objections. (Dkt. No. 25.) Briefly stated, defendant requests that the court grant its motion to dismiss on the merits.

The undersigned questions whether any of the representations in plaintiff's objections to the findings and recommendations are truthful. For example, the court's docket does not reflect that plaintiff filed any documents with the court in response to defendant's motion to dismiss, despite plaintiff's representations to the contrary. Moreover, the undersigned finds it difficult to believe that plaintiff appeared at "the courthouse" on a date when no matter related to this case was set to be heard. Nevertheless, in an abundance of caution and given that dismissal is a severe sanction, the undersigned will vacate the submitted findings and recommendations, reset defendant's motion to dismiss for a hearing, and order that plaintiff respond to the motion. This is plaintiff's *final opportunity* to demonstrate that she is taking this lawsuit seriously, and the undersigned will recommend the dismissal of this action *with prejudice* if plaintiff demonstrates additional failures to prosecute her action or comply with the court's orders, the Federal Rules of Civil Procedure, and the court's Local Rules.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The previously filed findings and recommendations dismissing plaintiff's case without prejudice (Dkt. No. 23) are vacated.

2. A hearing on defendant's motion to dismiss plaintiff's complaint (Dkt. No. 15) is reset, and that motion shall be heard on the undersigned's law and motion calendar on January 6, 2011, at 10:00 a.m., in Courtroom 25.

3. Plaintiff shall file a written opposition to defendant's motion to dismiss, or a statement of non-opposition to the granting of the motion to dismiss, *on or before December 16, 2010*. Plaintiff's failure to file a timely written opposition or statement of non-opposition will result in a recommendation that plaintiff's case be dismissed *with prejudice* pursuant to Federal Rule of Civil Procedure 41(b). See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal); see also E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

////
////
////
////

4. Defendant may file a written reply brief on or before December 30, 2010.

IT IS SO ORDERED.

DATED: November 30, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE