IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTHER COHN,

      Plaintiff,                      No. 2:10-cv-00865 MCE KJN PS

   v.

BANK OF AMERICA,

      Defendant.                  FINDINGS AND RECOMMENDATIONS

_____/

        In an order entered January 12, 2011, the undersigned granted defendant's motion to dismiss plaintiff's complaint, but provided plaintiff with 30 days to file a first amended complaint. (Order, Jan. 12, 2011, Dkt. No. 32.) The court's docket reveals that plaintiff failed to file a first amended complaint within the time provided. Accordingly, the undersigned recommends that plaintiff's case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the court's orders in this case despite repeated warnings regarding the consequences for such failures. Notably, this is the second time that the undersigned has entered findings and recommendations recommending the involuntary dismissal of plaintiff's case. Throughout this case, the undersigned has, out of an abundance of caution, granted plaintiff more leeway than the record suggests she deserved. At this point in the proceedings, it makes no sense to force defendant to defend against a meritless lawsuit that plaintiff has no interest in pursuing.

I. BACKGROUND

On April 13, 2010, plaintiff filed her complaint, which relates to the foreclosure of her home. (Compl., Dkt. No. 1.) On August, 31, 2010, defendant filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and noticed its motion for a hearing to take place on October 14, 2010.[1] (Mot. to Dismiss, Dkt. Nos. 15.) In the ensuing months, plaintiff demonstrated an inability to respond to the pending motion to dismiss despite very clear warnings about the consequences of such a failure, including possible dismissal of her case. In short, plaintiff demonstrated to the court that she had chosen not to actively prosecute her lawsuit or comply with the court's orders, the Federal Rules of Civil Procedure, and the court's Local Rules.

As a result, on November 4, 2010, the undersigned entered findings and recommendations that recommended the dismissal of plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute her case and for failure to comply with the court's orders, the Federal Rules of Civil Procedure, and the court's Local Rules. (Findings & Recommendations, Nov. 4, 2010, Dkt. No. 23.) A detailed procedural history is included in those findings and recommendations.

On November 15, 2010, plaintiff filed timely objections to the findings and recommendations. (Pl.'s Objections, Dkt. No. 24.) Although the undersigned was skeptical of the representations made in plaintiff's objections as they pertained to plaintiff's intent to

[1] The delay between the filing of plaintiff's complaint on April 13, 2010, and the filing of the pending motion to dismiss on August 31, 2010, is largely of plaintiff's making. Along with her complaint, plaintiff had filed an application for leave to proceed in forma pauperis. (Dkt. No. 2.) Her application was incomplete and, thus, the court was unable to determine whether plaintiff qualified to proceed in forma pauperis. The court provided plaintiff with another opportunity to submit a complete application (Dkt. No. 3), but plaintiff failed to respond. Accordingly, the undersigned recommended the denial of plaintiff's application to proceed in forma pauperis. (Dkt. No. 4.) After plaintiff failed to file timely objections to the undersigned's recommendation, the district judge entered an order on July 16, 2010, denying plaintiff's application to proceed in forma pauperis. (Dkt. No. 10.) The court's docket reflects that plaintiff paid the filing fee on August 6, 2010.

1  prosecute this action, the undersigned vacated the previously entered findings and
2  recommendations, ordered plaintiff to file an opposition to the motion to dismiss, and set a
3  hearing date of January 6, 2011.  (Order, Dec. 1, 2010, Dkt. No. 27.)

4  Plaintiff filed a timely written opposition to defendant's motion to dismiss.  The
5  undersigned heard defendant's motion to dismiss on January 6, 2011.  (Minutes, Jan. 6, 2011,
6  Dkt. No. 31.)  Plaintiff failed to appear at the hearing and provided no excuse for her failure
7  either prior to or after the hearing.

8  On January 12, 2011, the undersigned entered an order dismissing plaintiff's
9  complaint without prejudice and providing plaintiff with 30 days to file a first amended
10 complaint.  (Order, Jan. 1, 2006, at 19.)  That order also stated that "[p]laintiff should also
11 address in a separate writing the reasons why she failed to appear at the January 6, 2011 hearing,
12 and why she should not be sanctioned for that failure to appear."  (Id. at 20 n.11.)  Furthermore,
13 the order stated: "[I]f plaintiff fails to file a timely amended complaint or otherwise fails to
14 prosecute her case or comply with the Federal Rules of Civil Procedure or the court's orders or
15 Local Rules, the undersigned will recommend that plaintiff's case be dismissed with prejudice
16 pursuant to Rule 41(b)."  (Id. at 7.)  Plaintiff failed to file an amended complaint or the separate
17 writing addressing her failure to appear at the hearing on defendant's motion to dismiss.

18 II.  DISCUSSION

19 Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an
20 action for failure to prosecute, failure to comply with the court's local rules, and failure to
21 comply with the court's orders.  See, e.g., Hells Canyon Preservation Council v. U.S. Forest
22 Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant
23 to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or
24 comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d
25 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court
26 may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza,

291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition); see also E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a drastic remedy, the five relevant factors heavily favor dismissal of this action with prejudice. The first two factors strongly support dismissal of this action. Plaintiff's repeated failures to file timely oppositions to defendant's motion to dismiss, despite clear warnings of the consequences for such failures, favor dismissal. The undersigned has already recounted those failures in detail in previously entered findings and recommendations. More importantly, plaintiff's failure to appear at the January 6, 2011 hearing impeded the resolution of her complaint, and her failure to file an amended complaint prevents resolution of this case. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any

1  serious intention to pursue, will consume scarce judicial resources and take away from other
2  active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power
3  to manage their dockets without being subject to noncompliant litigants).
4          In addition, the third factor, which considers the risk of prejudice to defendant,
5  weighs in favor of dismissal.  Defendant has already succeeded on its motion to dismiss
6  plaintiff's complaint and now awaits an amended complaint from plaintiff.  Plaintiff's repeated
7  failure to participate in this litigation raises the real risk that defendant will be forced to
8  unnecessarily engage in further litigation against claims that plaintiff does not appear to value
9  enough to pursue in a serious manner.  Indeed, defendant has been diligently pursuing its motion
10  to dismiss, and plaintiff has repeatedly stalled this matter and prevented the efficient resolution of
11  her lawsuit, which she filed in April 2010.  The undersigned finds that plaintiff's repeated delays
12  in this action are unreasonable, and unreasonable delay is presumed to be prejudicial.  See, e.g.,
13  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.
14          The fifth factor, which considers the availability of less drastic measures, also
15  supports dismissal of this action.  As noted above, the court has actually pursued less drastic
16  remedies than that of a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d
17  128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court
18  actually tries alternatives before employing the ultimate sanction of dismissal.").  The court
19  excused plaintiff's initial failure to oppose defendant's motion, granted plaintiff substantial,
20  additional time to file an opposition or statement of non-opposition, and continued the hearing on
21  defendant's motion to dismiss.  Moreover, the court advised plaintiff of the requirement of
22  opposing a motion to dismiss and informed her of the requirements of the Local Rules.
23  Furthermore, the court advised plaintiff that she was required to comply with the court's Local
24  Rules and the Federal Rules of Civil Procedure even though she is proceeding without counsel.
25  It also warned plaintiff in clear terms that failure to comply with the court's orders could result in
26  a recommendation of dismissal.  The undersigned even vacated previously entered findings and

1  recommendations recommending involuntary dismissal to permit plaintiff yet another
2  opportunity to participate in the litigation.  Warning a plaintiff that failure to take steps towards
3  resolution of his or her action on the merits will result in dismissal satisfies the requirement that
4  the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also
5  suggest that a district court's warning to a party that his failure to obey the court's order will
6  result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone,
7  833 F.2d at 132-33).  In the order dismissing plaintiff's complaint, the undersigned noted that the
8  court could have dismissed plaintiff's case for her failure to appear at the hearing and again
9  warned plaintiff of the consequences of her non-participation in this action.  (Order, Jan. 12,
10 2011, at 5-7.)  At this juncture, the court finds no suitable alternative to a recommendation for
11 dismissal of this action.  This finding is supported by the fact that plaintiff's complaint, which
12 alleges that plaintiff has encountered financial difficulties leading to the foreclosure of her home
13 (see generally Compl.), suggests that plaintiff would very likely be unable to pay any monetary
14 sanction imposed in lieu of dismissal.

15        The court also recognizes the importance of giving weight to the fourth factor,
16 which addresses the public policy favoring disposition of cases on the merits.  In dismissing
17 plaintiff's complaint, the undersigned addressed plaintiff's claims on the merits.  It is only
18 plaintiff's failure to file a first amended complaint that prevents this lawsuit from proceeding.
19 The undersigned is inclined to find that the fourth factor favors dismissal.  In any event, however,
20 factors one, two, three, and five strongly support a recommendation for dismissal of this action.
21 Dismissal is proper "where at least four factors support dismissal or where at least three factors
22 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)
23 (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant
24 factors outweigh the general public policy favoring disposition of actions on their merits.  See
25 Ferdik, 963 F.2d at 1263.

26        The court has spent numerous hours trying to shepherd plaintiff through the

litigation process while still respecting defendant's right to move this litigation along in a reasonably efficient manner. It appears to the court that plaintiff has chosen not to assist the court in reaching this balance. Accordingly, the undersigned recommends that plaintiff's case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court be directed to close this case and vacate all future dates in this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: February 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE